### JOHN E. WELLS v. ADELBERT HOLLENBECK.

*Trespass as between Co-tenants.*

One cannot bring trespass against a co-tenant for a partial injury to the common property.

Under an arrangement for raising a single crop on shares, the possession of the premises is held by the owner of the land, either alone, or in common with the party who sowed the seed.

Error to Genesee.   Submitted Oct. 10.   Decided Oct. 30.

TRESPASS *quare clausum.*   The facts are in the opinion.

*Wm. Newton* for plaintiff in error, to the point that the parties were tenants in common of the crop, also cited *Fiquet v. Allison*, 12 Mich., 331; *Bishop v. Doty*, 1 Vt., 37.

*T. G. Smith* for defendant in error, to sustain the action, cited *Dubois v. Beaver*, 25 N. Y., 123; *McLellan v. Jenness*, 43 Vt., 183; 5 Amer. Rep., 270; *Goodtitle v. Tombs*, 3 Wils., 118; *Griffin v. Bixby*, 12 N. H., 454; *Wilkinson v. Haygarth*, 12 Q. B., 845; *Sheldon v. Skinner*, 4 Wend., 530.

CAMPBELL, J.   Hollenbeck sued and recovered against Wells in trespass *quare clausum fregit* for the destruction of growing wheat in a field alleged as in his possession, and averring the wheat to be his property.

In order to make out his case he testified in his own behalf to the destruction of a part of the crop by sheep which belonged to Wells, and which strayed upon the premises.   He then gave evidence as follows: That he took the lands from defendant Wells, who was the owner, to work on shares, under a verbal contract, and said further, "I was to furnish half of seed, and do all the work, and have half the crop; and defendant was to have half.   I was to put in seventy-five or eighty acres of wheat in the fall of 1875.   I was to do the harvesting and threshing, and give him one-half of the wheat.   The crop was put in by me in fall of 1875, on shares, under the verbal agreement.   There were several fields put into wheat.   One was called the north field, of about ten acres.   I gave up to defendant possession of the farm, April 1st, 1876, except the fields that were into wheat, but had the right to enter and harvest the grain, under my agreement."

Under this arrangement for raising a single crop, the possession was either that of Wells alone, or of the two as tenants in common. *Bradish v. Schenck*, 8 J. R., 151; *Walker v. Fitts*, 24 Pick., 191; *Caswell v. Districh*, 15 Wend., 379. The injury was neither an ouster nor a destruction of the entirety, but damage to a small portion of the whole crop, and only a part of the wheat in one or two fields.

No authority has been cited which will justify trespass by one co-tenant against another for any such partial damage to the common property. It is an attempt to sue a man for trespass committed against himself. No such suit is maintainable on any principle.

As this objection is fatal to the action the other points are not material.

The judgment must be reversed, and a new trial granted.

COOLEY, C. J., and GRAVES, J., concurred.

MARSTON, J., did not sit in this case.